# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

### Consolidated Appeal No. 13-1894

United States of America,

       Plaintiff / Appellee,

vs.

| | |
|---|---|
| Dominic Henley, | Appeal No. 13-1894 |
| James C. Smith, | Appeal No. 13-1935 |
| Jerry Elkins, | Appeal No. 13-1941 |
| Marshall Fry, | Appeal No. 13-1967 |
| Anthony Robinson and | Appeal No. 13-1969 |
| Jerry Peteet, | Appeal No. 13-1971 |

       Defendants / Appellants.

---

Appeal from the United States District Court for the Eastern District of Missouri
Cause No. 4:11-CR-246 CDP
Honorable Catherine D. Perry, Chief Judge
United States District Court

---

### APPELLANTS' ADDENDUM

---

Donnell Smith, #44510
Donnell Smith and Associates, LLC
4625 Lindell Boulevard, Suite 500
St. Louis, Missouri 63108
(314) 361-2500 telephone
(314) 361-2525 facsimile
donnell.smith@smithlawpractice.com
Attorney for Defendant/Appellant
   Dominic Henley

Christopher A. Pickett, #51059
Greensfelder, Hemker, & Gale, PC
10 S. Broadway, 20th Floor
St. Louis, Missouri 63102
(314) 516-2654 telephone
(314) 851-0982 facsimile
cap@greensfelder.com
Attorney for Defendant/Appellant
   James C. Smith

Ronald E. Jenkins, #23850
Jenkins & Kling, P.C.
150 N. Meramec Avenue, Suite 400
St. Louis, Missouri 63105
(314) 721-2525
(314) 721-5525
rjenkins@jenkinskling.com
Attorney for Defendant/Appellant
    Jerry Elkins

Douglas P. Roller, #50262
Roller Law Office, LLC
10702 Manchester Road, Suite 207
St. Louis, Missouri 63122
(314) 645-7228 telephone
(314) 685-8014 facsimile
dprcrimlaw@aol.com
Attorney for Defendant/Appellant
    Anthony Robinson

John M. Lynch, #56604
The Law Offices of John M. Lynch, LLC
222 S. Meramec Avenue, Suite 300
Clayton, Missouri 63105
(314) 726-9999 telephone
(314) 726-9199 facsimile
jlynch@lynchlawonline.com
Attorney for Defendant/Appellant
    Marshall Fry

David Woods, #28779
Attorney at Law
427 West Terra Lane, Suite A
O'Fallon, Missouri 63366
(636) 448-1748 telephone
reachingdavid@yahoo.com
Attorney for Defendant/Appellant
    Jerry Peteet

# TABLE OF CONTENTS

Page No.

The Honorable Henry E. Autrey's January 10, 2011 Order
Authorizing Interception of Wire and Electronic
Communications in Cause No. 4:11MC00015 HEA, In the
Matter of the Application of the United States of America for
an Order Authorizing the Interception of Wire and Electronic
Communications to and from the Cellular Telephone Bearing
Numbers (630) 669-1107, ESN #268435457315980534 ................................... 1

The Honorable Frederick R. Buckles' September 28, 2012
Memorandum, Report and Recommendation (Docket No. 1023)
in Cause No. 4:11CR246 CDP (FRB), United States of America
v. James C. Smith, et al., United States District Court for the
Eastern District of Missouri ........................................................................... 9

The Honorable Catherine D. Perry's October 15, 2012 Order
(Docket No. 1103) in Cause No. 4:11CR246 CDP, United
States of America v. James C. Smith, et al., United States
District Court for the Eastern District of Missouri ........................................ 27

Appellant Dominic Henley's April 24, 2013 Amended
Judgment (Docket No. 1515) ......................................................................... 30

Appellant James C. Smith's April 12, 2013 Judgment
(Docket No. 1468) ......................................................................................... 38

Appellant Jerry Elkins' April 16, 2013 Judgment
(Docket No. 1491) ......................................................................................... 46

Appellant Marshall Fry's April 15, 2013 Judgment
(Docket No. 1479) ......................................................................................... 53

Appellant Anthony Robinson's April 23, 2013 Judgment
(Docket No. 1509) ......................................................................................... 60

Appellant Jerry Peteet's April 23, 2013 Judgment
(Docket No. 1505) ......................................................................................... 69

i

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JAN 1 0 2011
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO.

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR AN ORDER AUTHORIZING THE )
INTERCEPTION OF WIRE AND )
ELECTRONIC COMMUNICATIONS TO )
AND FROM THE CELLULAR TELEPHONE )
BEARING NUMBERS (630) 669-1107, )
ESN #268435457315980534. )

4   No. **11MC00015HEA**

**FILED UNDER SEAL**

A TRUE COPY OF THE ORIGINAL
JAMES G. WOODWARD, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY
DEPUTY CLERK

## ORDER
## AUTHORIZING INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS

Application under oath having been made before me by Sirena M. Wissler, Assistant

United States Attorney, Eastern District of Missouri, an investigative or law enforcement officer

of the United States within the meaning of Section 2510(7) of Title 18, United States Code, for

an Order authorizing the interception of wire and electronic communications pursuant to

Section 2518 of Title 18, United States Code, and full consideration having been given to the

matter set forth therein, the Court finds:

1.      There is probable cause to believe that **Allan HUNTER (a.k.a. DOG)**, **Dominic**

**HENLEY (a.k.a. BISHOP)**, **Curtis JOHNS (a.k.a. CJ)**, **Toney SIMS (a.k.a. BIG T/TONE)**,

**Thomas BAILEY (a.k.a. Q BALL)**, **Frederick MORGAN (a.k.a. LOW RIDER)**, **James C.**

**SMITH (a.k.a. ANIMAL)**, **Bryant PALMER (a.k.a. DOT)**, **Anthony ROBINSON (a.k.a.**

**BLADE)**, **Trevor SEYMORE (a.k.a. CYCLOPS)**, **Robert Louis HUGHES (a.k.a. COOL**

**PAPPA)**, **Carlos Wesley ROSE Sr. (a.k.a. PITBULL)** (hereinafter **"the target subjects"**) and

others unknown, have committed, are committing, and will continue to commit offenses

involving:  (a) Racketeering and Racketeering Conspiracy, in violation of Title 18, United States

**Addendum**
**00001**

Code, Section 1963, by conducting, and conspiring to conduct, the affairs of an enterprise, that is a group of individuals associated in fact, although not a legal entity, to wit, the **Target Subjects** and others, which is engaged in Racketeer Influenced and Corrupt Organizations Influenced and Corrupt Organizations (RICO), respectively, which are punishable under Title 18 of the United States Code, that is, a group of individuals associated in fact, although not a legal entity, to wit: the **Target Subjects** and others, the activities of which affect interstate and foreign commerce, through a pattern of racketeering activity consisting of the below-listed offenses. ("RICO") offenses, in violation of Title 18, United States Code, Sections 1962 and 1963; (b) Violent crimes in aid of a racketeering enterprise, in violation of Title 18, United States Code, Section 1959; (c) Use of a firearm during the commission of a crime of violence or drug-trafficking crimes, in violation of Title 18, United States Code, Section 924(c); (d) Conspiracy to distribute controlled substances offenses, in violation of Title 21, United States Code, Sections 846 and 841(a)(1); (e) Manufacture, distribution and possession with the intent to distribute controlled substances, in violation of Title 21, United States Code 841(a)(1); (f) Unlawful Use of a Communication Facility, in violation of Title 21, United States Code, Section 843(b); and (g) Money Laundering, in violation of Title 18, United States Code, Sections 1956 and 1957.

2.      There is probable cause to believe that particular wire and electronic communications of **the target subjects** and others unknown, concerning the above-described offenses, will be obtained through the interception for which authorization has herewith been applied. In particular, there is probable cause to believe that the interception of wire and electronic communications to and from the cellular telephone as follows:

2

Addendum
00002

Appellate Case: 13-1894     Page: 5     Date Filed: 11/07/2013 Entry ID: 4093842

a. the Sprint/Nextel brand cellular telephone, utilized by **Allen HUNTER**, bearing the number **(630) 669-1107**, which has the Electronic Serial Number (ESN) #268435457315980534 (hereinafter **target telephone #1**), and is subscribed to by Debra Thomas, 1349 Briarcliffe Blvd., Wheaton, IL, 60187; to include wire communications, including voice-mail messages intercepted as they are left or retrieved, push-to-talk (PTT) communications (also known as digital dispatch or direct-connect feature), and electronic communications, including but not limited to, SMS text messaging (electronic communications) occurring over **target telephone #1**. The authorization given is intended to apply not only to the target telephone listed above, but also to any other telephone number subsequently assigned to or used by the instrument bearing the same Electronic Serial Number (ESN) used by the target telephone, within the thirty-day period. The authorization is also intended to apply to the target telephone number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the target telephone is off-hook or otherwise in use;

will concern the specifics of the above-described offenses, including the manner and means of the commission of the offenses.

3. It has been established that normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous to employ.

4. There is probable cause to believe that **target telephone #1** will continue to be used in connection with the commission of the above-described offenses.

3

WHEREFORE, IT IS HEREBY ORDERED that Special Agents of the Federal Bureau of Investigation, FBI Special Federal Officers, and FBI-deputized/St. Louis Metropolitan and St. Louis County police officers) (hereafter "agents of the investigating agency(ies)") are authorized, pursuant to an application authorized by a duly-designated official of the Criminal Division, United States Department of Justice, pursuant to the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Section 2516 of Title 18, United States Code, to intercept wire and electronic communications to and from the above-described telephone facility.

PROVIDED that such interceptions shall not terminate automatically after the first interception that reveals the manner in which the alleged coconspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which reveal fully the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which reveal fully the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty days measured from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception under this Order or ten days after this Order is entered.

IT IS ORDERED FURTHER that the authorization given is intended to apply not only to the target cellular telephone numbers listed above, but also to any other telephone number subsequently assigned to or used by the instrument bearing the same ESN used by **target telephone #1**, within the thirty-day period. It is further ordered that the authorization is also intended to apply to the target telephone number referenced above regardless of service provider,

4

and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

IT IS ORDERED FURTHER that all monitoring of wire and electronic communications to and from **target telephone #1** will be recorded and examined by monitoring agents and attorneys to determine their relevance to the pending investigation. The disclosure of the contents or nature of the wire and electronic communications intercepted will be limited to those communications relevant to the pending investigation in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code.

IT IS ORDERED FURTHER that in the event that **target telephone #1** is transferred outside the territorial jurisdiction of this Court, interception may take place in any other jurisdiction within the United States.

IT IS ORDERED FURTHER that, based upon the request of the applicant pursuant to Section 2518(4) of Title 18, United States Code, Sprint/Nextel, wire communication service providers as defined in Section 2510(15) of Title 18, United States Code, and all other applicable service providers, including various and changing communication service providers, as defined in Section 2510(15) of Title 18, United States Code, shall furnish the above-referenced agents of the investigating agency(ies) with all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted, with the service providers to be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

5

Addendum
00005

IT IS ORDERED FURTHER that, based upon the request of the applicant pursuant to Sections 2703 (c) and (d) and 3122 and 3123 et .seq., of Title 18, United States Code, that Sprint/Nextel, and all other applicable telecommunications service providers shall provide agents of the investigating agency with subscriber information to include names and addresses, and all other subscriber information, cell site information (for **the target telephone** only), toll analysis information, credit information, and air-time summaries for the telephone numbers being dialed to and from the aforesaid telephones.

IT IS ORDERED FURTHER that, to avoid prejudice to the Government's criminal investigation, the telecommunications service provider(s) and its agents and employees are ordered not to disclose or cause a disclosure of the Order or the request for information, facilities, and assistance by the agents of the investigating agency(ies) or the existence of the investigation to any person other than those of its agents and employees who require this information to accomplish the services hereby ordered. In particular, said providers and its agents and employees shall not make such disclosure to a lessee, telephone subscriber or any interceptee or participant in the intercepted communications.

IT IS ORDERED FURTHER that this Order shall be executed as soon as practicable and that all monitoring of wire and electronic communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation. The interception of wire and electronic communications must terminate upon the attainment of the authorized objectives, not to exceed thirty days measured from the earlier of the day on which investigative or law enforcement

6

Appellate Case: 13-1894    Page: 9    Date Filed: 11/07/2013 Entry ID: 4093842

officers first begin to conduct an interception under this Order or ten days after this Order is entered.

Monitoring of conversations must terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119, Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, is a participant in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If the conversation is minimized, the monitoring agent shall spot check to ensure that the conversation has not turned to criminal matters. Special attention must be given to minimize all privileged communications. Pursuant to Title 18, United States Code, Section 2518(5), in the event the intercepted communication is in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization may be accomplished as soon as practicable after such interception. This after-the-fact minimization must be accomplished as soon as practicable after the interception by experienced and trained investigators familiar with the investigation. With regard to the text messaging service of **target telephone #1**, all text or electronic messages will be reviewed, in the first instance, by one or more monitoring agents, who will read all of the messages. The monitoring agents then will review the contents of the messages in accordance with the standards set forth in the proceeding paragraph, and will forward only the pertinent, non-privileged passage to the rest of the agents and prosecutors. The monitoring agents will not be used in the investigation of the substantive crimes or otherwise participate in the Title III interceptions of **target telephone #1**. The

7

**Addendum
00007**

monitoring agents will be instructed not to pass minimized information to the other agents or prosecutors. The minimized messages will be retained and filed under seal with the Court. A memorandum outlining all of the guidelines for minimization and application of privileges, as well as a copy of the application and Order, will be provided to all monitors.

IT IS ORDERED FURTHER that Assistant United States Attorney Sirena M. Wissler or any other Assistant United States Attorney familiar with the facts of this case shall provide this Court with a report on or about the tenth, twentieth, and thirtieth days following the date of this Order showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If any of the above-ordered reports should become due on a weekend or holiday, IT IS ORDERED FURTHER that such report shall become due on the next business day thereafter.

IT IS ORDERED FURTHER that this Order, the application, affidavit, and all interim reports filed with this Court with regard to this matter, shall be sealed until further order of this Court, except that copies of the Orders, in full or redacted form, may be served on the above-referenced agents of the investigating agency(ies), and the service providers as necessary to effectuate this Order.

Dated this _____ day of January, 2010.

HENRY E. AUTREY
United States District Judge
Eastern District of Missouri

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )
       v.                      )    No. S1-4:11CR246 CDP
                               )                    (FRB)
JAMES C. SMITH,                )
DOMINIC HENLEY,                )
ANTHONY ROBINSON, and          )
JERRY ELKINS,                  )
                               )
              Defendants.      )


**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**


All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Each of the above defendants filed motions seeking to suppress evidence obtained by the government through the use of court authorized electronic surveillance. The motions are as follows:

1.  Defendant James C. Smith's Motion To Suppress Contents Of Any And All Electronic Surveillance (Docket No. 419)

2.  Defendant James C. Smith's Supplement To Motion To Suppress Contents Of Any And All Electronic Surveillance (Docket No. 628)

3.  Defendant Dominic Henley's Motion To Suppress The Contents Of Any Electronic Surveillance (Docket No. 435)

4.  Defendant Anthony Robinson's Motion To Suppress Electronic Surveillance (Docket No. 518), and

5.  Defendant Jerry Elkin's Motion To Suppress Electronic Surveillance Evidence (Docket No. 452)

**Addendum**
**00009**

Testimony and evidence was adduced on the defendants' motions at a hearing before the undersigned on April 5, 2012. From the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law:

### Findings of Fact

The evidence adduced at the evidentiary hearing shows that the government conducted court ordered electronic surveillance during the investigation of the matters alleged in the indictment. The government intends to offer in evidence at trial conversations of the defendants which were intercepted and recorded during such surveillance.

On January 10, 2011, Assistant United States Attorney Sirena M. Wissler appeared before United States District Judge Henry E. Autrey and made an application for interception of wire communications over telephone number (630) 669-1107 (referred to in the applications, affidavits, and orders as Target Telephone #1). (See Government's Exhibit 2A.) The application was accompanied by and referred to an affidavit of Andria Van Mierlo, a Special Federal Officer with the Federal Bureau of Investigations (F.B.I.), which was also signed and sworn before Judge Autrey on January 10, 2011. (See Government's Exhibit 2-B.) Agent Van Mierlo's affidavit established that she was investigating several persons, including the defendants James C. Smith, Dominic Henley, and Anthony Robinson for violations of various federal laws. The affidavit indicated

- 2 -

**Addendum 00010**

that the communications of those individuals were expected to be intercepted on telephone number (630) 669-1107 which was subscribed to by Debra Thomas, and used by Allan Hunter, one of the persons under investigation. The communications expected to be intercepted and sought to be intercepted concerned the details of offenses committed by the subjects as well as the nature, extent, and methods of operation of the criminal activity being committed by the suspects and others yet unknown, the identities and roles of leaders, accomplices, aiders and abettors, co-conspirators and participants in their illegal activities, and the precise scope and nature of the operation, including the identification of other unknown members of the conspiracy and the roles each co-conspirator performs in the conduct and management of the enterprise, the dates, times, places, schemes and methods for the criminal enterprise involving racketeering, drug trafficking and money laundering, the existence and location of records pertaining to the suspects' illegal activities, including information reflecting the manner in which the division of payments for the illegal acts occurs, and the location and disposition of proceeds from those activities, information concerning the amounts and types of criminal predicate acts committed by the suspects, the existence, location, and disposition of drugs, guns, stolen property, evidence of assaults and cash, and admissible evidence as to the commission of the above described offenses.

- 3 -

Addendum
00011

The affidavit set out that investigators had received
information from two separate confidential human sources (CHS)
involving the activities of the persons involved in the criminal
activities under investigation.  One of the confidential human
sources (CHS-1) had been in contact with subjects of the
investigation and had made numerous audio and video recordings with
the subjects.  The affidavit set out the nature of the relationship
between the CHS-1 and the subjects, and described transactions and
conversations that occurred between the subjects and CHS-1.  The
affidavit also described related law enforcement activities which
had corroborated or confirmed information provided by CHS-1.  The
affidavit also described that pen register surveillance had been
conducted on the telephone for which the wiretap order was being
sought, and that information gathered through the use of the pen
registers and toll records, described in detail in the affidavit,
showed extensive contacts between the subjects using the described
telephone.

Lastly, the affidavit explained why the wiretap was
needed and the reasons why alternative investigative techniques had
not been, or were not likely to be, successful in determining the
entire manner and scope of the organization's activities, or were
too dangerous to be used.  The affidavit set out in detail the
investigative tools and methods used in the investigation thus far,
including visual surveillance of the suspects, pen registers,

- 4 -

telephone toll records analysis, grand jury proceedings, witness interviews, confidential informants, undercover officers, search warrants, arrests, review of reports of past incidents, and financial investigations. The affidavit recited in specific detail how each of these investigative tools had been used in the investigation and why each tool had not been successful in achieving the goals of the investigation or why they would not be successful in doing so, or were too dangerous to use. (See Government's Exhibit 2B, Pp. 52-78; Exhibit 2D.)

On January 10, 2011, Judge Autrey signed an order authorizing the interception of wire communications over telephone number (630) 669-1107. (See Government's Exhibit 2C.) The order states that the Court found probable cause to believe that the listed individuals were committing violations of 21 U.S.C. 841(a)(1), 843(b), 846 and Title 18 U.S.C. §§ 1962, 1963, 1959, 924(c), 1956 and 1957; that the telephone listed was being used in connection with the commission of those offenses; and that communications concerning the offenses were likely to be intercepted. The order also found that normal investigative techniques had been tried and had failed, reasonably appeared to be unlikely to succeed if tried, or were too dangerous to be employed. The order authorized the wiretap interception for thirty (30) days.

- 5 -

**Addendum**
**00013**

On February 9, 2011, Assistant United States Attorney Sirena M. Wissler appeared before United States District Judge Audrey G. Fleissig and made an Application for Continued Interception of Wire Communications over telephone number (630) 669-1107. (See Government's Exhibit 2H.) The application was again accompanied by and referred to an affidavit of F.B.I. Special Officer Andria Van Mierlo. The affidavit reiterated and incorporated the information set out in Officer Van Mierlo's previous affidavit accompanying the first application. The affidavit set out information that had been learned since the first application, including some of the information learned as a result of the first 30 day interception period. The affidavit noted that the information learned during the first interception had been helpful but that it had not revealed the entire scope of the organization, its activities, and members. (See Government's Exhibit 2I.)

On February 9, 2011, Judge Fleissig signed an Order Authorizing the Continued Interception of Wire Communications over telephone number (630)669-1107. (See Government's Exhibit 2J.) The Order states that the Court found probable cause to believe that the listed individuals were committing violations of 21 U.S.C. §§ 841(a)(1), 843(b), 846 and 18 U.S.C. §§ 1962, 1963, 1959, 924(c), 1956 and 1957; and that communications concerning the offenses were likely to be intercepted. The Order again found that

- 6 -

**Addendum 00014**

normal investigative techniques had been tried and failed; reasonably appeared to be unlikely to succeed if tried; or were too dangerous to be employed. The Order authorized the continued wiretap interception for 30 days.

On March 10, 2011, Assistant United States Attorney Kenneth R. Tihen appeared before United States District Judge E. Richard Webber and made a Second Application for Continued Interception of Wire Communications over telephone number (630) 669-1107. (See Government's Exhibit 2N.) The application was again accompanied by and referred to an affidavit of F.B.I. Special Officer Andria Van Mierlo. The affidavit reiterated and incorporated the information set out in Officer Van Mierlo's previous affidavits accompanying the first and second applications. The affidavit set out some of the information learned as a result of the second 30 day interception period. The affidavit noted that the information learned during the first and second interceptions had been helpful but had not revealed the entire scope of the investigation, its activities, and members. (See Government's Exhibit 2O.)

On March 10, 2011, Judge Webber signed the Second Order Authorizing the Continued Interception of Wire Communications over telephone number (630)669-1107. (See Government's Exhibit 2P.) The Order states that the Court found probable cause to believe that the listed individuals were committing violations of 21 U.S.C.

- 7 -

**Addendum
00015**

Appellate Case: 13-1894   Page: 18   Date Filed: 11/07/2013 Entry ID: 4093842

§§ 841(a)(1), 843(b), 846 and 18 U.S.C. §§ 1962, 1963, 1959, 924(c), 1956 and 1957; and that communications concerning the offenses were likely to be intercepted. The Order again found that normal investigative techniques had been tried and failed; reasonably appeared to be unlikely to succeed if tried; or were too dangerous to be employed. The Order authorized the continued wiretap interception for 30 days.

Target Telephone #1 was used during the course of the interception by Allan Hunter. The telephone and Hunter were physically located during most if not all of that time in the State of Illinois. All of the conversations monitored and intercepted pursuant to the intercept orders were overheard and monitored by officers in St. Louis, Missouri.

The law enforcement personnel involved in monitoring conversations pursuant to the court ordered electronic surveillance were instructed prior to beginning their monitoring as to the types of conversations to be intercepted and the types to be minimized, methods of doing so, etc. (See Government's Exhibit 1 - 10 page letter from Assistant United States Attorney Sirena M. Wissler to all Monitoring Agents and Officers.) All officers or agents involved in the monitoring are required to read and sign a copy of the letter (Exhibit 1). There was also a face to face meeting between the agents and the government attorney at which the minimization requirements were further explained. During the

- 8 -

Addendum
00016

interceptions the monitoring officers used a system of spot monitoring whereby conversations were monitored for two minutes. If the conversations appeared nonpertinent to the matters being investigated the monitoring was terminated. One or two minutes later the officers would again begin monitoring for pertinent conversations.

### Discussion

As grounds to suppress evidence obtained by means of the court authorized interceptions defendants Smith, Henley and Robinson argue that the affidavits of Officer Van Mierlo fails to meet the so-called necessity requirement of 18 U.S.C. § 2518(1)(c) that normal investigative procedures have been tried and failed, or appear unlikely to succeed or are too dangerous to undertake.

> [T]he necessity requirement of section 2518 was meant to insure that wiretaps are not routinely employed as the initial step in an investigation. Thus, while the statute does require that normal investigative procedures be used first, it does not require that law enforcement officers exhaust all possible techniques before applying for a wiretap. The government is simply not required to use a wiretap only as a last resort. Whether the statutory requirement is met is to be determined by the issuing judge in a commonsense manner . . .

United States v. Macklin, 902 F.2d 1320, 1326-27 (8th Cir. 1990), cert. denied 498 U.S. 1031 (1991). Here, the wiretap was not used as the initial step in the investigation. The affidavit described various techniques used by law enforcement officials to gather

- 9 -

**Addendum 00017**

evidence in the case. Although some of these techniques had developed some evidence, "Even if conventional techniques have been somewhat successful . . . a wiretap may still be authorized." United States v. Maxwell, 25 F.3d 1389, 1394 (8th Cir. 1994). The affidavit described in great detail why some investigative techniques had failed or why they would be of no value. The affidavit described that the use of various techniques had failed to fully reveal the full scope of the conspiracy, its complete membership and methods of operation. This is sufficient to meet the necessity requirement. United States v. Thompson, 210 F.3d 855, 858-59 (8th Cir. 2000); United States v. Jackson, 345 F.3d 638, 644 (8th Cir. 2003).

Defendants Henley and Elkins in support of their motions to suppress evidence assert that the telephone conversations intercepted pursuant to the orders were not properly "minimized."

18 U.S.C. § 2518(5) imposes a duty on the government to conduct the surveillance in a way to ensure that unauthorized interceptions will be minimized. Whether the government complied with those requirements is determined by an objective reasonableness standard. Scott v. United States, 463 U.S. 128 (1978); United States v. Williams, 109 F.3d 502, 507 (8th Cir. 1997). The burden is upon the defendant to show that the government did not meet the minimization requirements. United States v. Garcia, 785 F.2d 214, 221-22 (8th Cir.), cert. denied,

- 10 -

sub. nom. <u>Barker v. United States</u>, 475 U.S. 1143 (1986); <u>United States v. Giacalone</u>, 853 F.2d 470, 482 (6th Cir. 1988).

> In considering whether the government's conduct was reasonable, a reviewing court must consider a variety of factors, including the scope of the enterprise, the agent's reasonable expectation of the content of a call, the extent of judicial supervision, length and origin of a call, and use of coded or ambiguous language. More extensive wiretapping is reasonable when the investigation focuses on determining the scope of a widespread conspiracy. The same is true when the conversations are in [jargon]. Thus, the government's conduct could be reasonable even if the total number of conversations intercepted contained a high percentage of nonpertinent calls.

<u>United States v. Macklin</u>, 902 F.2d 1320, 1328 (8th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1031 (1991) (Internal citations omitted).

After consideration of these factors it appears that the agent's efforts were reasonable in this case. The order authorizing the wiretap named numerous interceptees. If an intercepted phone call involved one or more nonnamed interceptees and was non-criminal in nature, the order required the listening agent to minimize the call. The order also required the agents to submit ten-day reports to the authorizing judge to ensure that proper minimization techniques were being used. The monitoring agents were aware of the minimization requirement and were trained and instructed in how to comply with such requirement and so acknowledged in writing before the interceptions began. <u>United States v. Avery</u>, 589 F.3d 936, 939 (8th Cir. 2009). The spot check

- 11 -

Addendum
00019

method of monitoring used by the agents has been held to be a reasonable method of minimization of nonpertinent conversations. United States v. Ozar, 50 F.3d 1440, 1448 (8th Cir.) cert. denied, 516 U.S. 871 (1995). Defendant Elkins focuses on the number of conversations which were not minimized in support of his motion. Because of the nature of the matters being investigated, the large number of persons involved, and the use of jargon or code words by the participants in the conversations it was reasonable that more conversations would be overheard. United States v. Avery, 589 F.3d at 939; United States v. Ozar, 50 F.3d 1447-48. Further, even if there were minimization violations, the suppression of all evidence obtained pursuant to the order, as sought by the defendant, is not an appropriate remedy. The appropriate remedy is suppression of any nonpertinent or privileged conversations which were intercepted. Id. The defendant has not adduced any evidence of specific conversations which he claims should be suppressed.

Defendants Smith, Henley, Robinson and Elkins assert in their motions as grounds to suppress the evidence obtained as the result of the court authorized interception that the United States District Court was without jurisdiction to issue the Order authorizing the interception because the telephone over which calls were to be intercepted (Target Telephone #1) was never located in the Eastern District of Missouri.

- 12 -

Addendum
00020

Evidence before the Court shows that Target Telephone #1 was a mobile cellular telephone used by Allan Hunter, one of the subjects of the investigation. At the time of the applications for the three orders, and apparently at most times during these interceptions, Hunter and the telephone, were located in the State of Illinois. However, the place at which the intercepted telephone calls were being contemporaneously monitored and first listened to was located in St. Louis, Missouri.

To obtain a wiretap authorization order, a law enforcement agent must file an application with a "judge of competent jurisdiction," _id._ § 2518(1), which is defined to include "(a) a judge of a United States district court or a United States court of appeals," _id._ § 2510(9). Section 2518(3) authorizes a district judge to approve a tap "within the territorial jurisdiction of the court in which the judge is sitting (and outside that jurisdiction but within the United States in the case of a mobile interception device authorized by a Federal court within such jurisdiction)." "Interception" is defined as "aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." _Id._ § 2510(4).

In _United States v. Rodriguez_, 968 F.2d 130 (2nd Cir.), _cert._ _denied_, 506 U.S. 847 (1992), the Second Circuit Court of Appeals held that

- 13 -

Appellate Case: 13-1894   Page: 24   Date Filed: 11/07/2013 Entry ID: 4093842

> [T]he language of §2510(4), the legislative
> history of that section, and the policy
> considerations of Title III all persuade us
> that for purposes of §2518(3)'s jurisdictional
> requirement, a communication is intercepted
> not only where the tapped telephone is
> located, but also where the contents of the
> redirected communications are first to be
> heard.

Id. at 136.

Numerous courts have since followed and agreed with this holding in

Rodriguez.  See United States v. Tavarez, 40 F.3d 1136 (10th Cir.

1994); United States v. Denman, 100 F.3d 399, 403 (5th Cir. 1996);

United States v. Ramirez, 112 F.3d 849, 851-53 (7th Cir. 1997);

United States v. Luong, 471 F.3d 1107 (9th Cir. 2006).  Defendants

Robinson and Elkins seem to imply in their motions that the holding

in United States v. Nelson, 837 F.2d 1519 (11th Cir. 1988) is to

the contrary.  While it is true that in Nelson the court held that

the place of interception refers to the place where a communication

is initially obtained, several courts have construed the holding in

Nelson as not ruling out "the possibility that the initial

listening to the recording by the intercepting agent might also be

considered part of the interception." United States v. Denman, 100

F.3d at 403; United States v. Tavarez, 40 F.3d at 1138, Fn1 (Same).

Several of the defendants imply that the judges who

signed the intercept orders were misled by the government into

believing that Target Telephone #1 was at the time of the

application, or at some other time, within the Eastern District of

- 14 -

**Addendum 00022**

Appellate Case: 13-1894   Page: 25   Date Filed: 11/07/2013 Entry ID: 4093842

Missouri.   Such is clearly not the case as each of Officer Van Mierlo's three affidavits stated that,

> HUNTER and Target Telephone #1 are located in the Northern District of Illinois, however HUNTER has utilized Target Telephone #1 to contact CHS-1 and other St. Louis Chapter WOS OMG members.  The criminal investigation into the WOS OMG originated with the St. Louis WOS OMG Chapter.  As the investigation progressed, it was revealed that the St. Louis Chapter and numerous other WOS OMG chapters were part of the larger criminal WOS OMG organization which spans across the United States.  The wire room and recording equipment will be physically located in St. Louis, Missouri.

(See Government's Exhibit 2B, P.7, Fn1; Government's Exhibit 2I, P.4, Fn1; and Government's Exhibit 20, P.4,Fn.1).  In United States v. Ramirez, supra the court noted that the intercept order contained language, similar to the order in this case, that "in the event that the cellular telephone is transferred outside the territorial jurisdiction of this Court, interceptions may take place in any jurisdiction within the United States."  The court in Ramirez held that the intercept order issued in the Western District of Wisconsin was valid even though the target telephone "may never have been there."  Ramirez, 112 F.3d at 852.

Because the intercepted conversations were heard and monitored at the "listening post" in St. Louis, Missouri, within the Eastern District of Missouri, the court had jurisdiction to issue the orders.

Defendant Robinson asserts that the United States Supreme Court holding in United States v. Jones, ___ U.S. ___, 132 S.Ct.

- 15 -

Addendum 00023

945 (2012) supports his claim that the court was without jurisdiction to enter the intercept orders. In Jones the Supreme Court held that the warrantless use of a tracking device violated the Fourth Amendment. Defendant quotes a footnote in Justice Alito's concurring opinion which he claims supports his position in this motion. The footnote reads as follows:

> In this case, the agents obtained a warrant, but they did not comply with two of the warrant's restrictions: They did not install the GPS device within the 10-day period required by the terms of the warrant and by Fed. Rule Crim. Proc. 41(e)(2)(B)(i), and they did not install the GPS device within the District of Columbia, as required by the terms of the warrant and by 18 U.S.C. § 3117(a) and Rule 41(b)(4). In the courts below the Government did not argued, and has not argued here, that the Fourth Amendment does not impose these precise restrictions and that the violation of these restrictions does not demand the suppression of evidence obtained using the tracking device. See, e.g. United States v. Gerber, 994 F.2d 1556, 1559-1560 (C.A.11 1993); United States v. Burke, 517 F.2d 377, 386-387 (C.A.2 1975). Because it was not raised, that questions is not before us.

____ U.S. ____, 112 S.Ct. at 964, n.11. As noted by Justice Alito, the claim asserted by defendant Robinson here was not before the Court in Jones, and the holding of Jones is inapplicable to the jurisdictional claims made by defendant Robinson in his motion.

Defendant Robinson also asserts that the government's use of a GPS cell phone tracking device to locate and apprehend him in another district based on a warrant issued in this district was also unlawful because this court had no jurisdictional authority to

- 16 -

issue the warrant. The defendant's argument is again based on the Supreme Court's holding in Jones, which as noted above is not applicable here because, as noted by Judge Alito, the issue was not raised or decided in Jones. The government states that it does not intend to offer in evidence any evidence or information obtained through the use of the GPS device. The defendant asserts that his "arrest" should be suppressed. Even if law enforcement officials were able to locate and arrest the defendant as the result of the use of a GPS device obtained and executed in some way as to violate defendant's Fourth Amendment rights, that fact would not be grounds to "suppress" the arrest. An illegal arrest is not a bar to a subsequent prosecution and conviction. United States v. Crews, 445 U.S. 463, 474 (1980). The defendant is not himself a suppressible "fruit" of an illegal arrest. Id.

Defendant Robinson also avers in his motion that similar GPS orders were entered regarding other defendants. He claims that the use of such orders violated the Fourth Amendment and suggests that the court should conduct a hearing to determine whether the application and orders for electronic surveillance were tainted by the acquisition of such evidence. The defendant has presented absolutely no evidence to the court in support of these assertions and therefore, no hearing on this claim was required. United States v. Mims, 812 F.2d 1068, 1073-74 (8th Cir. 1987).

- 17 -

**Addendum 00025**

<u>Conclusion</u>

For all of the foregoing reasons the defendants' motions should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant James C. Smith's Motion To Suppress Contents Of Any And All Electronic Surveillance (Docket No. 419); Defendant James C. Smith's Supplement To Motion To Suppress Contents Of Any And All Electronic Surveillance (Docket No. 628); Defendant Dominic Henley's Motion To Suppress The Contents Of Any Electronic Surveillance (Docket No. 435); Defendant Anthony Robinson's Motion To Suppress Electronic Surveillance (Docket No. 518), and Defendant Jerry Elkin's Motion To Suppress Electronic Surveillance Evidence (Docket No. 452) be denied.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **October 5, 2012.**   Failure to timely file objections may result in waiver of the right to appeal questions of fact.   <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2012.

- 18 -

**Addendum
00026**

Appellate Case: 13-1894   Page: 29   Date Filed: 11/07/2013 Entry ID: 4093842

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CR246 CDP |
| | ) | |
| JAMES C. SMITH,(1) | ) | |
| DOMINIC HENLEY(4), | ) | |
| ANTHONY ROBINSON(11), and | ) | |
| JERRY ELKINS(12), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the above listed defendants' motions to suppress evidence obtained by the government through the use of court authorized electronic surveillance.  As with the other pretrial motions in this case, these motions were referred to United States Magistrate Judge Frederick R. Buckles under 28 U.S.C. § 636(b).  Judge Buckles received briefs and heard evidence related to the motions.  He then filed his Report and Recommendation recommending that the motions be denied.  Each defendant has filed objections to Judge Buckles' recommended disposition.

I have conducted a *de novo* review of the motions, including reviewing all briefs, reading the transcript of the hearing, and reviewing the wiretap applications

**Addendum 00027**

and orders.  After doing so, I conclude that the interceptions were lawfully authorized under the provisions of the statute, 18 U.S.C. § 2518.  The applications contained a sufficient basis for the issuing judge to conclude that the statutory requirements were met, including the requirement of showing that other investigative techniques either have been tried and failed or reasonably appear to be unlikely to succeed..  Additionally, the evidence showed that the minimization techniques used were appropriate.  I will therefore adopt the factual findings, the reasoning, and the legal conclusions reached by Judge Buckles.

Defendants also argue that the location of the "listening post" in this judicial district is not sufficient to confer jurisdiction for issuance of Title III orders over phones not located in this jurisdiction.  This is an issue of law that Judge Buckles analyzed in detail.  I have carefully reviewed the law relevant to this issue and believe that Judge Buckles' analysis was entirely correct, and so I will adopt it as my own.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [#1023] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**Addendum 00028**

Appellate Case: 13-1894   Page: 31   Date Filed: 11/07/2013 Entry ID: 4093842

**IT IS FURTHER ORDERED** that defendants' motions to suppress evidence obtained through electronic surveillance [## 419, 435, 452, 518, and 628] are denied.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 15th day of October, 2012.

Addendum
00029

AO 245C (Rev. 09/12)   Sheet 1- Amended Judgment in a Criminal Case

# United States District Court
### Eastern District of Missouri

UNITED STATES OF AMERICA

v.

DOMINIC HENLEY
a/k/a "Bishop"

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: S1-4:11CR00246 CDP

USM Number: 38761-044

Donnell Smith

Defendant's Attorney

Date of Original Judgment:  April 15, 2013
(Or date of last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons  (18 U.S.C. §§ 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to  ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)  one and thirteen of the superseding indictment on December 7, 2012.
   after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1962(d) and 18 U.S.C. §1963(a) | Conspiracy to Commit Racketeering | Date of Indictment June 21, 2012 | One |
| 18 U.S.C. §1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering Activity | January 29, 2011 | Thirteen |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)  four and five of the superseding indictment on December 7, 2012.

☐ Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Imposed April 15, 2013, Amended April 24, 2013

Date of Imposition of Judgment

Signature of Judge

Honorable Catherine D. Perry

United States District Judge

Name & Title of Judge

April 24, 2013

Date signed

Record No.:  410

**Addendum 00030**

AO 245C  (Rev. 09/12)  Amended Judgment in a Criminal Case        Sheet 2 - Imprisonment

DOMINIC HENLEY
DEFENDANT: a/k/a "Bishop"
CASE NUMBER:  S1-4:11CR00246 CDP
District:  Eastern District of Missouri

Judgment-Page  __2__  of  __7__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  __204 months.__

This sentence consists of 204 months on Count 1 and 120 months on Count 13, all such terms to be served concurrently for an aggregate sentence of 204 months.

☒ The court makes the following recommendations to the Bureau of Prisons:

the defendant be evaluated for participation in occupational/educational programs and the Financial Responsibility Program while incarcerated, if that is consistent with Bureau of Prisons policies.

that the defendant be evaluated for placement at a facility as close as possible to St. Louis, Missouri.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at  _____ a.m./pm  on  _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on  _____

   ☐ as notified by the United States Marshal

   ☐ as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

**Addendum**
**00031**

DEFENDANT:  **DOMINIC HENLEY**  a/k/a "Bishop"

CASE NUMBER:  S1-4:11CR00246 CDP

District:  Eastern District of Missouri

Judgment-Page ___3___ of ___7___

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  three years.

This term consists of a term of three years on each of Counts 1 and 13, all such terms to run concurrently, for an aggregate term of three years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- [ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Addendum**
**00032**

AO 245C  (Rev. 09/12)     Amended Judgment in a Criminal Case       Sheet 3A - Supervised Release

DEFENDANT:   DOMINIC HENLEY
                       a/k/a "Bishop"                                                    Judgment-Page  __4__  of  __7__

CASE NUMBER:   S1-4:11CR00246 CDP

District:   Eastern District of Missouri

## ADDITIONAL SUPERVISED RELEASE TERMS

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

1. The defendant shall submit his person, residence, office, or vehicle to a search conducted by the probation office based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall participate in a cognitive behavioral treatment program as directed by the probation office.

3. The defendant shall pay the restitution as previously ordered by the Court.

4. The defendant shall provide the probation office and the Financial Litigation Unit (FLU) of the U.S. Attorney's Office access to any requested financial information. The defendant is advised that the probation office may share financial information with FLU.

5. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation office so long as there is a balance on the Court imposed financial obligation.

6. The defendant shall apply all monies received from any anticipated and/or unexpected financial gains, including any income tax refunds, inheritances, or judgments, to the outstanding Court ordered financial obligation. The defendant shall immediately notify the probation office of the receipt of any indicated monies.

**Addendum**
**00033**

AO 245C (Rev. 09/12)   Amended Judgment in a Criminal Case        Sheet 5 - Criminal Monetary Penalties

DEFENDANT: **DOMINIC HENLEY**
a/k/a "Bishop"                                                    Judgment-Page __5__ of __7__
CASE NUMBER:  **S1-4:11CR00246 CDP**
District:   **Eastern District of Missouri**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

|  | <u>A s s e s s m e n t</u> | <u>Fine</u> | <u>Restitution</u> |
|---|---|---|---|
| Totals: | $200.00 | | $491.00 |

☐ The determination of restitution is deferred until _____. *An Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| <u>Name of Payee</u> | <u>Total Loss*</u> | <u>Restitution Ordered</u> | <u>Priority or Percentage</u> |
|---|---|---|---|
| Non-Public Victims | | $491.00 | |
| | | | |
| <u>Totals:</u> | | $491.00 | |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ The interest requirement is waived for the.   ☐ fine and /or   ☒ restitution.
    ☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.     **Addendum**

AO 245C  (Rev. 09/12)      Amended Judgment in a Criminal Case      Sheet 5 A -  Criminal Monetary Penalties

|  | Judgment-Page 6 of 7 |
|---|---|

DOMINIC HENLEY

DEFENDANT: a/k/a "Bishop"

CASE NUMBER: S1-4:11CR00246 CDP

District:   Eastern District of Missouri

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant.  If the defendant owes any criminal monetary penalties when released from incarceration, he shall pay in full within 30 days of release.  Until all criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

**Addendum**
**00035**

AO 245C  (Rev. 09/12)     Amended Judgment in a Criminal Case     Sheet 6 - Schedule of Payments

DEFENDANT: DOMINIC HENLEY
a/k/a "Bishop"

CASE NUMBER:  S1-4:11CR00246 CDP

District:  Eastern District of Missouri

Judgment-Page  7  of  7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of  691.00  due immediately, balance due

      ☐  not later than _____ , or

      ☒  in accordance with  ☐ C,  ☐ D, or  ☐ E below; or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below; or  ☐ F below; or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
      _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
      _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

**IT IS FURTHER ORDERED** that the defendant shall pay to the United States a special assessment of $100 on each of Counts 1 and 13, for a total of $200, which shall be due immediately. See pages 5 and 6 of judgment for further payment information on criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several
    Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

The Restitution obligation is joint and several with James Smith, Timothy Balle, Lawrence Pinkston, and Norman Vick in this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:

Under 21 U.S.C. §853, the defendant has forfeited all of his right, title, and interest in the property previously identified in this Court's Order of Forfeiture dated March 19, 2013, Docket Entry # 1370.

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.

**Addendum**
00036



DOMINIC HENLEY
DEFENDANT: a/k/a "Bishop"
CASE NUMBER:  S1-4:11CR00246 CDP
USM Number:  38761-044

# UNITED STATES MARSHAL
## RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____

_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By   _____
Deputy U.S. Marshal

☐   The Defendant was released on _____ to_____ Probation

☐   The Defendant was released on _____ to_____ Supervised Release

☐   and a Fine of_____   ☐ and Restitution in the amount of_____

_____
UNITED STATES MARSHAL

By   _____
Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____

**Addendum**

00037

AO 245B (Rev. 09/12)

Sheet 1- Judgment in a Criminal Case

# United States District Court
## Eastern District of Missouri

UNITED STATES OF AMERICA

v.

James C. Smith
"Animal"

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:  SI-4:11CR00246 CDP

USM Number:  67269-066

Christopher A. Pickett
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)  one of the superseding indictment on December 7, 2012.
   after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1962(d) and 18 U.S.C. § 1963(a) | Conspiracy to Commit Racketeering | Date of indictment June 21, 2012 | One |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 12, 2013
Date of Imposition of Judgment

Signature of Judge

Catherine D. Perry
United States District Judge
Name & Title of Judge

April 12, 2013
Date signed

Record No.:  410

**Addendum 00038**

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 2 - Imprisonment

DEFENDANT:  James C. Smith
              "Animal"

CASE NUMBER:  SI-4:11CR00246 CDP

District:  Eastern District of Missouri

Judgment-Page __2__ of __7__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __120 months.__

☒  The court makes the following recommendations to the Bureau of Prisons:

While in the custody of the Bureau of Prisons, it is recommended that the defendant participate in the Financial Responsibility Program and be housed in a facility as close to Philadelphia, Pennsylvania as possible.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____ a.m./p m  o n  _____

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____

    ☐  as notified by the United States Marshal

    ☐  as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

Addendum
00039

AO 245B (Rev. 09/12)   Judgment in Criminal Case     Sheet 3 - Supervised Release

DEFENDANT: "Animal"       James C. Smith       Judgment–Page   3   of   7

CASE NUMBER:  SI-4:11CR00246 CDP

District:   Eastern District of Missouri

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   three years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Addendum**

AO 245B (Rev. 09/12)      Judgment in Criminal Case      Sheet 3A - Supervised Release

DEFENDANT:   James C. Smith
             "Animal"
CASE NUMBER:   SI-4:11CR00246 CDP

District:   Eastern District of Missouri

Judgment-Page   4   of   7

## ADDITIONAL SUPERVISED RELEASE TERMS

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall provide the probation office and the Financial Litigation Unit (FLU) of the U.S. Attorney's Office access to any requested financial information. The defendant is advised that the probation office may share financial information with FLU.

3. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation office so long as there is a balance on the Court-imposed financial obligation.

4. The defendant shall apply all monies received from any anticipated and/or unexpected financial gains, including any income tax refunds, inheritances, or judgments, to the outstanding Court-ordered financial obligation. The defendant shall immediately notify the probation office of the receipt of any indicated monies.

5. The defendant shall pay the restitution as previously ordered by the Court.

6. The defendant shall submit his person, residence, office, or vehicle to a search conducted by the probation office based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 5 - Criminal Monetary Penalties

DEFENDANT:     James C. Smith   "Animal"                                    Judgment—Page  5  of  7

CASE NUMBER:   SI-4:11CR00246 CDP

District:   Eastern District of Missouri

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | | $28,256.10 |

☐ The determination of restitution is deferred until _____ . *An Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| NON-PUBLIC VICTIMS | | $28,256.10 | |
| Totals: | | $28,256.10 | |

☐ Restitution amount ordered pursuant to plea agreement   _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ The interest requirement is waived for the.   ☐ fine   ☒ restitution.

    ☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

|  | Judgment—Page 6 of 7 |
|---|---|

DEFENDANT: James C. Smith "Animal"
CASE NUMBER: SI-4:11CR00246 CDP
District: Eastern District of Missouri

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The obligation to C.S. is joint and several with Anthony Owens and Anthony Robinson in this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries. The obligations to C.P. and J.P. are joint and several with Dominic Henley, Lawrence Pinkston, Norman Vick and Timothy Balle. The obligation to Blue Shield of Illinois is joint and several with Jerry Peteet in this case. The obligation to D.J. is joint and several with Anthony Robinson in this case. Payments of restitution shall be made to the Clerk of the Court for transfer to the victims.

All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $100, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment. Until all criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: James C. Smith "Animal"                                      Judgment-Page  7  of  7
CASE NUMBER:  SI-4:11CR00246 CDP
District:  Eastern District of Missouri

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of  $28,356.10          due immediately, balance due

        ☐  not later than  _____ , or

        ☒  in accordance with  ☐ C,  ☐ D, or  ☐ E below; or  ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below; or  ☐ F below; or

C  ☐  Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
    _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
    _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

**IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $100, which shall be due immediately. See page 6 for
Additional Terms for Criminal Monetary Penalties regarding payment of restitution.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons'
Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several
    Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

The obligation to C.S. is joint and several with Anthony Owens and Anthony Robinson in this case. The obligations to C.P. and J.P. are
joint and several with Dominic Henley, Lawrence Pinkston, Norman Vick and Timothy Balle. The obligation to Blue Shield of Illinois is
joint and several with Jerry Peteet in this case. The obligation to D.J. is joint and several with Anthony Robinson in this case.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:

Under 21 U.S.C. § 853, the defendant has forfeited all of his right, title, and interest in the property previously identified in the Preliminary
Order of Forfeiture granted on March 5, 2013.

Payments shall be applied in the following order: (1 ) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal,
(5)fine interest (6) community restitution.(7) penalties, and (8) costs, including cost of prosecution and court costs.

**Addendum
00044**



DEFENDANT: James C. Smith "Animal"
CASE NUMBER: SI-4:11CR00246 CDP
USM Number: 67269-066

## UNITED STATES MARSHAL
## RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____

_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

☐   The Defendant was released on _____ to _____ Probation

☐   The Defendant was released on _____ to _____ Supervised Release

☐   and a Fine of_____   ☐ and Restitution in the amount of_____

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____

**Addendum
00045**

Appellate Case: 13-1894   Page: 48   Date Filed: 11/07/2013 Entry ID: 4093842

AO 245B (Rev. 09/12)

Sheet 1- Judgment in a Criminal Case

# United States District Court

## Eastern District of Missouri

UNITED STATES OF AMERICA

v.

JERRY ELKINS
a/k/a "Shakka," "Shaca"

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:  S1:4:11CR246 CDP

USM Number:  37828-013

Ronald Jenkins
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)  counts one and thirteen on December 7, 2012.
   after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1962(d) | Conspiracy to Commit Racketeering | Date of indictment June 21, 2012 | One |
| 18 U.S.C. 1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering Activity | January 29, 2011 | Thirteen |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 16, 2013

Date of Imposition of Judgment

Signature of Judge

Honorable Catherine D. Perry

United States District Judge

Name & Title of Judge

April 16, 2013

Date signed

Record No.:  414

**Addendum 00046**

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 2 - Imprisonment

| | Judgment-Page __2__ of __6__ |
|---|---|

JERRY ELKINS
DEFENDANT: a/k/a "Shakka," "Shaca"
CASE NUMBER:  S1:4:11CR246 CDP
District:   Eastern District of Missouri

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __210 months.__

This term consists of a term of 210 months on count one and 120 months on count thirteen, all such terms to be served concurrently, for an aggregate term of 210 months.

☒ The court makes the following recommendations to the Bureau of Prisons:

that the defendant be evaluated for participation in the Residential Drug Abuse Program, receive a mental health evaluation and placement in mental health treatment or counseling, if consistent with the Bureau of Prisons policies.

that the defendant be evaluated for placement in the Bureau of Prisons facility at Englewood, Colorado.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./pm on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____

    ☐ as notified by the United States Marshal

    ☐ as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

**Addendum**
**00047**

AO 245B (Rev. 09/12)  Judgment in Criminal Case     Sheet 3 - Supervised Release

JERRY ELKINS
DEFENDANT: a/k/a "Shakka," "Shaca"    Judgment-Page  3  of  6
CASE NUMBER:  S1:4:11CR246 CDP
District:  Eastern District of Missouri

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  3 years.

This term consists of a term of three years on each of counts one and thirteen, to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Addendum 00048**

AO 245B (Rev. 09/12)     Judgment in Criminal Case     Sheet 3A - Supervised Release

|  |  |  |  |
|---|---|---|---|

DEFENDANT:   JERRY ELKINS
             a/k/a "Shakka," "Shaca"

CASE NUMBER:  S1:4:11CR246 CDP

District:   Eastern District of Missouri

Judgment-Page ___4___ of ___6___

## ADDITIONAL SUPERVISED RELEASE TERMS

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall participate in a substance abuse treatment program approved by the probation office, which may include substance abuse testing, counseling, Residential Re-entry Center placement, residential or inpatient treatment.

3. The defendant shall participate in a cognitive behavioral treatment program as directed by the probation office.

4. The defendant shall participate in a mental health or counseling program as directed by the probation office.

5. The defendant shall submit his person, residence, office, or vehicle to a search conducted by the probation office based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition

**Addendum
00049**

AO 245B (Rev. 09/12)   Judgment in Criminal Case    Sheet 5 - Criminal Monetary Penalties

| | Judgment-Page | 5 | of | 6 |

DEFENDANT: JERRY ELKINS
a/k/a "Shakka," "Shaca"
CASE NUMBER: S1:4:11CR246 CDP
District: Eastern District of Missouri

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $200.00 | | |

☐ The determination of restitution is deferred until _____ . *An Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| Totals: | | | |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the.   ☐ fine   ☐ restitution.

☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.   **Addendum**

AO 245B (Rev. 09/12) Judgment in Criminal Case
Sheet 6 — Schedule of Payments

| | |
|---|---|
| JERRY ELKINS | Judgment-Page __6__ of __6__ |

DEFENDANT: a/k/a "Shakka," "Shaca"
CASE NUMBER: S1:4:11CR246 CDP
District: Eastern District of Missouri

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $200.00 due immediately, balance due

     ☐ not later than _____ , or

     ☒ in accordance with ☐ C, ☐ D, or ☐ E below; or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below; or ☐ F below; or

C ☐ Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $100 on each of counts one and thirteen, for a total of $200, which shall be due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
     Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**Addendum 00051**



JERRY ELKINS
DEFENDANT: a/k/a "Shakka," "Shaca"
CASE NUMBER:  S1:4:11CR246 CDP
USM Number:  37828-013

## UNITED STATES MARSHAL
## RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____

_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
Deputy U.S. Marshal

☐   The Defendant was released on _____ to _____ Probation

☐   The Defendant was released on _____ to _____ Supervised Release

☐   and a Fine of_____   ☐ and Restitution in the amount of_____

_____
UNITED STATES MARSHAL

By  _____
Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____

**Addendum**
**00052**

AO 245B (Rev. 09/12)

Sheet 1- Judgment in a Criminal Case

# United States District Court
### Eastern District of Missouri

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

v.

MARSHALL FRY
a/k/a "Bo" a/k/a "Big Bo"

CASE NUMBER:  S1:4:11CR00246 CDP

USM Number:  37864-013

**THE DEFENDANT:**

John Lynch

Defendant's Attorney

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☒ was found guilty on count(s)  one and thirteen of the superseding indictment on December 7, 2012.
    after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §1962(d) and 18 U.S.C. §1963(a) | Conspiracy to Commit Racketeering | Date of indictment June 21, 2012 | One |
| 18 U.S.C. §1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering Activity | January 29, 2011 | Thirteen |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)  nine of the superseding indictment on December 7, 2012.

☐ Count(s) _____  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 15, 2013

Date of Imposition of Judgment

*(signature)*

Signature of Judge

Honorable Catherine D. Perry

United States District Judge

Name & Title of Judge

April 15, 2013

Date signed

Record No.:  411

**Addendum**
**00053**

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 2 — Imprisonment

| | |
|---|---|
| **MARSHALL FRY** | Judgment-Page __2__ of __6__ |

DEFENDANT: a/k/a "Bo" a/k/a "Big Bo"

CASE NUMBER: S1:4:11CR00246 CDP

District: Eastern District of Missouri

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __188 months.__

This term consists of 188 months on Count 1, to be served concurrently with 120 months on Count 13, for an aggregate term of imprisonment of 188 months.

☒ The court makes the following recommendations to the Bureau of Prisons:

that the defendant be evaluated for participation in the Residential Drug Abuse Program and the Occupational/Educational Program if it is consistent with the Bureau of Prisons policies.

that the defendant be evaluated for placement at USP Lewisburg, Pennsylvania.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p m on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal

☐ as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

**Addendum 00054**

DEFENDANT: MARSHALL FRY a/k/a "Bo" a/k/a "Big Bo"

CASE NUMBER: S1:4:11CR00246 CDP

District: Eastern District of Missouri

Judgment—Page __3__ of __6__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   three years. _____

This term consists of three years on each of Counts 1 and 13, to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Addendum**

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 3A - Supervised Release

| | | |
|---|---|---|
| | MARSHALL FRY | Judgment-Page __4__ of __6__ |
| DEFENDANT: | a/k/a "Bo" a/k/a "Big Bo" | |
| CASE NUMBER: | S1:4:11CR00246 CDP | |
| District: | Eastern District of Missouri | |

## ADDITIONAL SUPERVISED RELEASE TERMS

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall participate in a substance abuse treatment program approved by the probation office, which may include substance abuse testing, counseling, Residential Re-entry Center placement, residential or inpatient treatment.

3. The defendant shall abstain from the use of alcohol and/or all other intoxicants.

4. The defendant shall participate in a cognitive behavioral treatment program as directed by the probation office.

5. The defendant shall submit his person, residence, office, or vehicle to a search conducted by the probation office based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

**Addendum 00056**

AO 245B (Rev. 09/11)   Judgment in Criminal Case          Sheet 5 - Criminal Monetary Penalties

|  |  |
|---|---|
| MARSHALL FRY | Judgment-Page __5__ of __6__ |

DEFENDANT: a/k/a "Bo" a/k/a "Big Bo"
CASE NUMBER:   S1:4:11CR00246 CDP
District:   Eastern District of Missouri

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $200.00 | | |

☐ The determination of restitution is deferred until _____ . *An Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | Totals: | | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement   _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the.   ☐ fine   ☐ restitution.

☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

**Addendum**
**00057**

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 6 — Schedule of Payments

|  |  |
|---|---|
| MARSHALL FRY | Judgment-Page __6__ of __6__ |

DEFENDANT: a/k/a "Bo" a/k/a "Big Bo"
CASE NUMBER: S1:4:11CR00246 CDP
District: Eastern District of Missouri

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $200.00 due immediately, balance due

    ☐ not later than _____ , or

    ☒ in accordance with ☐ C, ☐ D, or ☐ E below; or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below; or ☐ F below; or

C ☐ Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**IT IS FURTHER ORDERED** that the defendant shall pay to the United States a special assessment of $100 on each of counts one and thirteen, for a total of $200, which shall be due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
    Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

Under 21 U.S.C. § 853, the defendant has forfeited all of his right, title, and interest in the property previously identified in the Preiliminary Order of Forfeiture granted on March 5, 2013.

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest (6) community restitution.(7) penalties, and (8) costs, including cost of prosecution and court costs.

**Addendum**
**00058**



MARSHALL FRY
DEFENDANT: a/k/a "Bo" a/k/a "Big Bo"
CASE NUMBER:  S1:4:11CR00246 CDP
USM Number:  37864-013

## UNITED STATES MARSHAL
## RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____

_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By   _____
Deputy U.S. Marshal

☐   The Defendant was released on _____ to_____ Probation

☐   The Defendant was released on _____ to_____ Supervised Release

☐   and a Fine of_____   ☐ and Restitution in the amount of_____

_____
UNITED STATES MARSHAL

By   _____
Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____

**Addendum**
**00059**

Appellate Case: 13-1894    Page: 62    Date Filed: 11/07/2013 Entry ID: 4093842

AO 245B (Rev. 09/12)

Sheet 1- Judgment in a Criminal Case

# United States District Court

## Eastern District of Missouri

UNITED STATES OF AMERICA

v.

ANTHONY ROBINSON
a/k/a "Blade"

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:  S1-4:11CR00246 CDP

USM Number:  43725-424

Douglas P. Roller
Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  One, Ten, Eleven, Fourteen and Sixteen on December 7, 2012.
after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1962(d) and 18 U.S.C. 1963(a) | Conspiracy to Commit Racketeering | Date of indictment June 21, 2012 | One |
| 18 U.S.C. 1959(a)(1) | Murder in Aid of Racketeering Activity | March 6, 2011 | Ten, Fourteen |
| 18 U.S.C. 1959(a)(5) | Attempt to Commit Murder in Aid of Racketeering Activity | January 2, 2011 | Eleven |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)    Fifteen

☐ Count(s) _____   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 23, 2013

Date of Imposition of Judgment

Signature of Judge

Catherine D. Perry

United States District Judge

Name & Title of Judge

April 23, 2013

Date signed

**Addendum 00060**

Record No.:   426

Appellate Case: 13-1894     Page: 63     Date Filed: 11/07/2013 Entry ID: 4093842

AO 245B (Rev. 09/12)    Sheet 1A - Judgment in a Criminal Case

|  | Judgment-Page __2__ of __8__ |
|---|---|

ANTHONY ROBINSON
DEFENDANT: a/k/a "Blade"
CASE NUMBER: __S1-4:11CR00246 CDP__
District: __Eastern District of Missouri__

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1512(c)(1) | Tampering with a Victim, Witness or Informant | March 6, 2011 | Sixteen |

**Addendum
00061**

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 2 - Imprisonment

ANTHONY ROBINSON
DEFENDANT: a/k/a "Blade"
CASE NUMBER: S1-4:11CR00246 CDP
District: Eastern District of Missouri

Judgment-Page __3__ of __8__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___LIFE___

This term consists of a term of Life on counts 1, 10 and 14, 120 months on count 11, and 240 months on count 16, all such terms to be served consecutively.

☒ The court makes the following recommendations to the Bureau of Prisons:

that the defendant participate in the Financial Responsibility Program while incarcerated, if that is consistent with Bureau of Prisons policies.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./pm on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____

    ☐ as notified by the United States Marshal

    ☐ as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

**Addendum
00062**

AO 245B (Rev. 09/12)   Judgment in Criminal Case
Sheet 3 - Supervised Release

ANTHONY ROBINSON
DEFENDANT: a/k/a "Blade"
CASE NUMBER: S1-4:11CR00246 CDP
District:   Eastern District of Missouri

Judgment—Page ___4___ of ___8___

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   two years.

This term consists of two years on each of Counts 1, 10, 11, 14 and 16, to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Addendum 00063**

AO 245B (Rev. 09/12)      Judgment in Criminal Case      Sheet 3A - Supervised Release

ANTHONY ROBINSON

| | |
|---|---|
| DEFENDANT: | a/k/a "Blade" |
| CASE NUMBER: | S1-4:11CR00246 CDP |

District:   Eastern District of Missouri

Judgment-Page ___5___ of ___8___

## ADDITIONAL SUPERVISED RELEASE TERMS

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

The defendant shall pay the restitution as ordered by the Court.

The defendant shall submit his person, residence, office, or vehicle to a search conducted by the probation office based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Appellate Case: 13-1894      Page: 67      Date Filed: 11/07/2013 Entry ID: 4093842

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 5 - Criminal Monetary Penalties

|  |  |
|---|---|
| ANTHONY ROBINSON | Judgment-Page   6   of   8 |
| DEFENDANT: a/k/a "Blade" | |
| CASE NUMBER:  S1-4:11CR00246 CDP | |
| District:   Eastern District of Missouri | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $500.00 | | $14,186.17 |

☐ The determination of restitution is deferred until _____ . *An Amended Judgment in a Criminal Case* (AO 245C)
will be entered after such a determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Non-Public Victim | | $10,185.17 | |
| Non-Public Victim | | $4,001.00 | |
| Totals: | | $14,186.17 | |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ The interest requirement is waived for the.   ☐ fine   ☒ restitution.

    ☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

**Addendum**

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 5A - Criminal Monetary Penalties

ANTHONY ROBINSON
DEFENDANT: a/k/a "Blade"
CASE NUMBER: S1-4:11CR00246 CDP
District:   Eastern District of Missouri

Judgment-Page   7   of   8

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. Section 3663A, the defendant shall make restitution in the total amount of $14,186.17.

The obligation to C.S. is join and several with James C. Smith and Anthony Owens in this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries. The obligation to D.J. is joint and several with James C. Smith in this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries.

All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant.

**Addendum**
**00066**

AO 245B (Rev. 09/12) Judgment in Criminal Case  Sheet 6 - Schedule of Payments

| | | Judgment-Page __8__ of __8__ |

DEFENDANT: ANTHONY ROBINSON a/k/a "Blade"

CASE NUMBER: S1-4:11CR00246 CDP

District: Eastern District of Missouri

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $14,686.17 due immediately, balance due

    ☐ not later than _____ , or

    ☒ in accordance with ☐ C, ☐ D, or ☐ E below; or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below; or ☐ F below; or

C ☐ Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**IT IS FURTHER ORDERD** that the defendant shall pay to the United States a special assessment of $100 on each of counts 1, 10, 11, 14 and 16, for a total of $500, which shall be due immediately. See pages 6 and 7 regarding payments of restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
    Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

The obligation to C.S. is join and several with James C. Smith and Anthony Owens in this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries. The obligation to D.J. is joint and several with James C. Smith in this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5)fine interest (6) community restitution.(7) penalties, and (8) costs, including cost of prosecution and court costs.

**Addendum**

DEFENDANT: ANTHONY ROBINSON a/k/a "Blade"

CASE NUMBER:  S1-4:11CR00246 CDP

USM Number:  43725-424



## UNITED STATES MARSHAL
## RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____

_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy U.S. Marshal

☐   The Defendant was released on _____ to _____ Probation

☐   The Defendant was released on _____ to _____ Supervised Release

☐   and a Fine of _____   ☐ and Restitution in the amount of _____

_____

UNITED STATES MARSHAL

By _____

Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____

**Addendum 00068**

AO 245B (Rev. 09/12)

Sheet 1- Judgment in a Criminal Case

# United States District Court

## Eastern District of Missouri

UNITED STATES OF AMERICA

v.

JERRY PETEET
a/k/a "Angel"

### JUDGMENT IN A CRIMINAL CASE

CASE NUMBER:  S1-4:11CR00246 CDP

USM Number:  12290-027

Darnail Lyles
Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  One and Two on December 7, 2012.
after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1962(d) and 18 U.S.C. 1963(a) | Conspiracy to Commit Racketeering | Date of indictment June 21, 2012 | One |
| 18 U.S.C. 1959(a)(5) | Attempt to Commit Murder in Aid of Racketeering Activity | May 28, 2009 | Two |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)  Three.

☐ Count(s) _____ dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 23, 2013

Date of Imposition of Judgment

Signature of Judge

Catherine D. Perry

United States District Judge

Name & Title of Judge

April 23, 2013

Date signed

**Addendum**
**00069**

Appellate Case: 13-1894   Page: 72   Date Filed: 11/07/2013 Entry ID: 4093042

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 2 - Imprisonment

Judgment—Page ___2___ of __7__

DEFENDANT: **JERRY PETEET**
a/k/a "Angel"

CASE NUMBER:  S1-4:11CR00246 CDP

District:   Eastern District of Missouri

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   276 months.

This term consists of a term of 240 months on count one and 120 months on count two, with 36 months on count two to be served consecutively to count one.

☒  The court makes the following recommendations to the Bureau of Prisons:

that the defendant participate in the Financial Responsibility Program while incarcerated, if that is consistent with Bureau of Prisons policies.  It is also recommended that the defendant be placed in Chicago or Milwaukee, if that is consistent with Bureau of Prisons policies.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

　　☐  at _____ a.m./pm  on _____

　　☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐  before 2 p.m. on _____

　　☐  as notified by the United States Marshal.

　　☐  as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

**Addendum
00070**

AO 245B (Rev. 09/12)   Judgment in Criminal Case
Sheet 3 — Supervised Release

JERRY PETEET

DEFENDANT: a/k/a "Angel"

CASE NUMBER: S1-4:11CR00246 CDP

District:   Eastern District of Missouri

Judgment-Page    3    of    7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   three years.

This term consists of a term of three years on each of counts one and two, to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Addendum
00071

AO 245B (Rev. 09/11)   Judgment in Criminal Case   Sheet 3A - Supervised Release

| DEFENDANT: | JERRY PETEET a/k/a "Angel" | | Judgment—Page | 4 | of | 7 |
|---|---|---|---|---|---|---|

CASE NUMBER:   S1-4:11CR00246 CDP

District:   Eastern District of Missouri

## ADDITIONAL SUPERVISED RELEASE TERMS

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

The defendant shall submit his person, residence, office, or vehicle to a search conducted by the probation office based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall provide the probation office and the Financial Litigation Unit (FLU) of the U.S. Attorney's Office access to any requested financial information. The defendant is advised that the probation office may share financial information with FLU.

The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation office so long as there is a balance on the Court imposed financial obligation.

The defendant shall apply all monies received from any anticipated and/or unexpected financial gains, including any income tax refunds, inheritances, or judgments, to the outstanding Courtordered financial obligation. The defendant shall immediately notify the probation office of the receipt of any indicated monies.

The defendant shall pay the restitution as previously ordered by the Court.

AO 245B (Rev. 09/12)   Judgment in Criminal Case      Sheet 5 - Criminal Monetary Penalties

|  | | |
|---|---|---|
| DEFENDANT: | JERRY PETEET a/k/a "Angel" | Judgment-Page __5__ of __7__ |
| CASE NUMBER: | S1-4:11CR00246 CDP | |
| District: | Eastern District of Missouri | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $200.00 | | $13,578.93 |

☐ The determination of restitution is deferred until _____. *An Amended Judgment in a Criminal Case (AO 245C)* will be entered after such a determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Blue Shield Illinois, P.O. Box 805107, Chicago, IL 60680 | | $13,578.93 | |
| RE: Member No. 107038544001 | | | |
| Totals: | | $13,578.93 | |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ The interest requirement is waived for the.   ☐ fine   ☒ restitution.

☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

**Addendum**

AO 245B (Rev. 09/12)   Judgment in Criminal Case   Sheet 5A - Criminal Monetary Penalties

| | Judgment-Page 6 of 7 |

JERRY PETEET
DEFENDANT: a/k/a "Angel"
CASE NUMBER:  S1-4:11CR00246 CDP
District:  Eastern District of Missouri

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 3663A, for each of counts one and two, the defendant shall make restitution in the total amount of $13,578.93 to Blue Shield Illinois.

This obligation is joint and several with James C. Smith in this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries. Should future additional defendants be determined to be responsible for the same loss(es), this obligation shall be joint and several, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries. Payments of restitution shall be made to the Clerk of the Court for transfer to the victims. The interest requirement for the restitution is waived.

All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $200, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment. Until all criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

**Addendum
00074**

AO 245B (Rev. 09/11) Judgment in Criminal Case    Sheet 6 - Schedule of Payments

Judgment-Page __7__ of __7__

DEFENDANT: JERRY PETEET
a/k/a "Angel"
CASE NUMBER: S1-4:11CR00246 CDP
District: Eastern District of Missouri

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of __$13,778.93__ due immediately, balance due

     ☐ not later than _____ , or

     ☒ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or  ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below; or  ☐ F below; or

C  ☐  Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
     _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
     _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $100 on each of counts one and two, for a total of $200, which shall be due immediately. See pages 5 and 6 regarding payments of restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several
     Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.

This obligation is joint and several with James C. Smith in this case, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest (6) community restitution.(7) penalties, and (8) costs, including cost of prosecution and court costs.

Addendum
00075



DEFENDANT: JERRY PETEET a/k/a "Angel"
CASE NUMBER:  S1-4:11CR00246 CDP
USM Number:  12290-027

# UNITED STATES MARSHAL
## RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____

_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By  _____

Deputy U.S. Marshal

☐   The Defendant was released on _____ to _____ Probation

☐   The Defendant was released on _____ to _____ Supervised Release

☐   and a Fine of_____   ☐ and Restitution in the amount of_____

_____

UNITED STATES MARSHAL

By  _____

Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____

**Addendum 00076**